## No. 761.—Frank Perrett v. J. Bachman Lee.

The fact that the creditor resided in the city of New Orleans, within the Federal lines of military occupation, during the late war, while his debtor resided within the Confederate lines of military occupation, both in the State of Louisiana, did not, under the dispositions of the Civil Code, work an interruption of prescription. The creditor can not, therefore, invoke such relation to defeat the plea of prescription.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. E. T. Lewis, Acting Judge, in place of King, J., recused. H. L. Garland, for plaintiff and appellant. E. D. Estelette, for defendant and appellee.

Howe, J. The only question raised in this case by the plaintiff, appellant, is in reply to the defendant's plea of prescription to three of the five notes in suit. They matured, respectively, on the fifth of February, 1860, 1861 and 1862. Citation was served March 25, 1867. More than five years having elapsed between maturity and citation, it would seem that the plea of prescription was properly maintained on the authority of numerous decisions.

The appellant states in his brief that he does not contend that prescription was suspended by the war, but that it was *interrupted* by the fact that the plaintiff resided in New Orleans during the war, while the defendant resided within the Confederate lines. We do not

find in our code any such cause of interruption defined. We are there told that prescription is interrupted by citation and by acknowledgment, and by the causes which are explained in the first section of chapter third of the twenty-third title of the code. C. C. 3460, 3461, 3551, 3516, 3517. The cause of interruption suggested by appellant is not in this category; nor can we imagine that (as he contends) the "natural interruption" of article 3517 has any relation to the facts of this case.

Judgment affirmed.